Martin W. Aron, Esq. (Bar ID No. 036011984)
Eliza L. Lloyd, Esq. (Bar ID No. 111352014)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GESSICA MARTINEZ, | : |
| | : Civil Action No. |
| Plaintiff, | : |
| | : |
| v. | : **NOTICE AND PETITION FOR** |
| | : **REMOVAL OF CASE FROM THE** |
| MORRIS OIRING, PLEET HOME CARE | : **SUPERIOR COURT OF NEW JERSEY,** |
| AGENCY, INC., GLORIA'S MANOR, | : **LAW DIVISION, BERGEN COUNTY** |
| LLC, | : |
| | : |
| Defendants. | : |

TO:   William T. Walsh, Clerk of Court
       United States District Court for the District of New Jersey
       Martin Luther King Building & U.S. Courthouse
       50 Walnut Street, Room 4015
       Newark, New Jersey 07101

       Kimberley A. Brunner, Esq.
       Beattie Padovano, LLC
       200 Market Street, Suite 401
       Montvale, New Jersey 07645
       Attorneys for Plaintiff

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Morris Oiring

("Oiring"), respectfully submits this Notice and Petition for Removal of a case from the Superior

Court of New Jersey, Law Division, Bergen County, bearing Docket No. BER-L-2746-21, and as

grounds for removal states as follows:

1.      Plaintiff, Gessica Martinez ("Plaintiff"), filed this civil action against

Defendants, Oiring, Pleet Home Care Agency, Inc., and Gloria's Manor, LLC (collectively,

"Defendants"), in the Superior Court of New Jersey, Law Division, Bergen County, on April 26, 2021.   A true and correct copy of Plaintiff's Complaint ("Complaint") is attached hereto as Exhibit A.

2.      Oiring was served with a copy of the Summons and Complaint on May 26, 2021.  Gloria's Manor, LLC and Pleet Home Care Agency, Inc. were served with a copy of the Summons and Complaint on May 19, 2021, and May 6, 2021, respectively.

3.      No proceedings have taken place in the state court action.  Defendants have not served an answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey.

4.      This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446(b).   Oiring effected removal within thirty (30) days of being served with Plaintiff's Complaint, the paper from which it could first be ascertained that this action is removable.  See 28 U.S.C. § 1446.  Gloria's Manor, LLC and Pleet Home Care Agency, Inc. consent to Oiring's filing of the within Notice and Petition for Removal pursuant to 28 U.S.C. § 1446(b)(2)(C).

5.      This action arises out of Plaintiff's claims in her Complaint that Defendants sexually harassed her in violation of the New York Human Rights Law ("NYHRL"), New York City Administrative Code ("NYC Administrative Code"), and New Jersey Law Against Discrimination ("LAD") (Count One); subjected her to a hostile work environment in violation of the NYHRL, NYC Administrative Code, and LAD (Count Two); retaliated and wrongfully discharged her in violation of the NYHRL, NYC Administrative Code, and LAD (Count Three); failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA") (Count Four); and failed to pay her overtime wages in violation of the New York Labor Law ("NYLL") (Count Five).

6.      In her Complaint, Plaintiff specifically asserts claims arising under the federal FLSA, 29 U.S.C. § 201, et seq. (See Exhibit A, Complaint, at ¶¶ 69-74).

7.      Accordingly, this action is removable to this Court on the ground that original jurisdiction over Plaintiff's claims exists pursuant to 28 U.S.C. § 1331, by virtue of its federal question jurisdiction arising out of Plaintiff's claims under the FLSA, 29 U.S.C. § 201, *et seq*.

8.      Pursuant to 28 U.S.C. §1441(a), this action may be removed to this Court because it is founded, in part, on claims or rights arising under the laws of the United States.

9.      To the extent any of Plaintiff's claims do not relate to the FLSA, this Court nevertheless has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367 and 1441(c).

10.     Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This case may therefore be removed pursuant to 28 U.S.C. § 1441.

11.      This action is also subject to removal to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants:

a.   Plaintiff is and has been, both upon the filing of the subject Complaint on April 26, 2021, and at the time of filing of this removal petition, a resident of the State of New Jersey.  (See Exhibit A).

3

b.  Oiring is and has been, both upon the filing of the subject Complaint on April 26, 2021, and at the time of filing of this removal petition, a resident of the State of New York.

c.  Pleet Home Care Agency, Inc. is and has been, both upon the filing of the subject Complaint on April 26, 2021, and at the time of filing of this removal petition, duly created and organized under the laws of the State of New York with a principal place of business located at 140 Beach 119 Street, Rockaway Park, New York 11694.

d.  Gloria's Manor, LLC is and has been, both upon the filing of the subject Complaint on April 26, 2021, and at the time of filing of this removal petition, a limited liability corporation formed in the State of New York. The sole member of Gloria's Manor, LLC is Oiring, who is and has been, both upon the filing of the subject Complaint on April 26, 2021, and at the time of filing of this removal petition, a resident of the State of New York.

e.  Neither Pleet Home Care Agency, Inc. nor Gloria's Manor, LLC are (at the time of the filing of the subject Complaint on April 26, 2021 and as of the time of the filing of this removal petition) corporations created and/or organized under the laws of New Jersey, and neither have a principal place of business in New Jersey.

12.  Plaintiff has not specifically enumerated the amount in controversy in her Complaint. However, the fact that a complaint does not on its face state the amount it seeks to recover will not defeat diversity jurisdiction.  When a plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, the defendant need only show that, to a

4

legal certainty, the amount in controversy exceeds the threshold requirement. See Bergen Cnty. Improvement Auth. v. Bergen Reg'l Med. Ctr., 2012 U.S. Dist. LEXIS 81891 (D.N.J. June 7, 2012); see also Raspa v. Home Depot, 533 F. Supp. 2d 514 (D.N.J. 2007) (legal certainty test satisfied by demand for compensatory and punitive damages, and attorneys' fees).

13.     In this case, Plaintiff alleges Defendants sexually harassed her in violation of the NYHRL, NYC Administrative Code, and LAD; subjected her to a hostile work environment in violation of the NYHRL, NYC Administrative Code, and LAD; retaliated and wrongfully discharged her in violation of the NYHRL, NYC Administrative Code, and LAD; and failed to pay her overtime wages in violation of the FLSA and NYLL.  In the Complaint, Plaintiff seeks, *inter alia*, compensatory, punitive, and emotional distress damages, damages for overtime pay, liquidated damages, attorneys' fees, and costs of suit. Given the extensive relief requested by Plaintiff, Defendants submit the amount in controversy well exceeds the jurisdictional threshold set by 28 U.S.C. § 1332. Therefore, the jurisdictional threshold of $75,000 is satisfied.

14.     Therefore, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332(a)(1). Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

15.     Oiring, with consent of Gloria's Manor, LLC and Pleet Home Care Agency, Inc., submits this notice and petition without waiving any defenses Defendants may have to the claims asserted by Plaintiff, including, but not limited to, a lack of personal jurisdiction, or conceding that Plaintiff has pled claims upon which relief may be granted.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §1441(a).

17.     Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of the removal of this action to all adverse parties and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

WHEREFORE, Oiring, with consent of Gloria's Manor, LLC and Pleet Home Care Agency, Inc., respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200

By:     _/s/ Martin W. Aron_____
Martin W. Aron
Eliza L. Lloyd
Attorneys for Defendants

Dated: June 25, 2021

4840-9358-1039, v. 1

# EXHIBIT A

**BEATTIE PADOVANO, LLC**
Arthur N. Chagaris, Esq., 0007411975
achagaris@beattielaw.com
Mariya Gonor, Esq. 077462013
mgonor@beattielaw.com
Kimberley A. Brunner, Esq. 0294842019
kbrunner@beattielaw.com
200 Market St
Suite 401
Montvale, New Jersey 07645
Attorneys for Plaintiff, Gessica Martinez

| | |
|---|---|
| GESSICA MARTINEZ | SUPERIOR COURT OF NEW JERSEY |
|  | LAW DIVISION |
| Plaintiff, | |
|  | BERGEN COUNTY |
| v. | |
|  | DOCKET NO.: |
| MORRIS OIRING, PLEET HOME CARE | |
| AGENCY, INC, GLORIA'S | CIVIL ACTION |
| MANOR, LLC, | |
|  | **COMPLAINT AND DEMAND FOR** |
| Defendants, | **JURY TRIAL** |

Plaintiff, Gessica Martinez ("Martinez" or "Plaintiff"), by her attorneys, Beattie

Padovano, LLC, by way of complaint against Morris Oiring, Pleet Home Care Agency, Inc., and

Gloria's Manor, LLC (collectively "Defendants") alleges as follows:

## NATURE OF THIS ACTION

1.  Plaintiff brings this action to redress the severe and pervasive hostile work

environment and sexual harassment inflicted upon her Martinez by Morris Oiring during her

two-year employment with Oiring and the other defendants named herein. When Martinez

rejected Oiring's advances, Oiring in retaliation for the rejection took adverse employment

actions against Martinez, which culminated in termination of her employment.

1

2. Therefore, Plaintiff brings claims for sexual harassment and retaliatory discharge in violation of New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §296 et seq, New York City Administrative Code §8-107 ("NYCHR") et seq, and New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-1, *et seq.* (hereinafter the "LAD") as is more fully set forth herein.

3. As a direct and proximate result of Martinez refusing Oiring's sexual harassment and retaliatory discharge, Martinez suffered economic, emotional, and professional harm.

4. Martinez also brings this action seeking unpaid wages, including unpaid overtime compensation and interest thereon under the Fair Labor Standards Act ("FLSA") 29 *U.S.C.* §207 and New York Labor Law ("NYLL").

## PARTIES

5. Martinez is an individual residing in Bergen County, New Jersey.

6. Martinez was an employee of Defendants from about October 2018 until December 23, 2020.

7. Martinez was a covered employee within the meaning of the LAD, NYCHR, NYHRL and FLSA and NYLL.

8. Defendant Pleet Home Care Agency, Inc. ("Pleet") is a company incorporated under the laws of New York with a principal place of business at 209 Beach 125th Street, Belle Harbor, New York.

9. Defendant Gloria's Manor ("Gloria") is a limited liability company organized under the laws of New York with a principal place of business in 140 Beach 119th Street, Rockaway Park, New York.

10. Defendant, Morris Oiring ("Oiring") is a resident of New York and a principal of Pleet and Gloria.

2

## FACTUAL BACKGROUND

### PLAINTIFF'S COMMENCMENT OF HER
### EMPLOYMENT WITH THE DEFENDANTS.

11.      Martinez applied for employment as Oiring's personal assistant on or about

October 2018 and Oiring hired her immediately following the interview.

12.      Martinez's job responsibilities included completing various administrative tasks

for Oiring, such as scheduling Oiring's appointments, making his travel arrangements, as well as

purchasing various personal items such as items of interior design and meal planning.

13.      Subsequently, Martinez also commenced working for Gloria and Pleet,

performing various administrative and ministerial tasks, which included (1) paying vendor

services and utility invoices, (2) coordinating private home events, (3) preparing new resident

placements, and (4) collecting resident paperwork.

14.      Martinez's job responsibilities also included traveling with Oiring on work trips

to Colombia, and Buffalo, New York.

15.      Martinez's daily schedule varied and depended on Oiring's schedule.  Generally,

however, Plaintiff would commence work between the hours of 8:30 and 9:00 a.m. and would

leave work between 5:00 - 5:30 p.m.  Plaintiff never was given breaks and her lunches were

working lunches.

16.      From October 2018 to December 23, 2020, Martinez, on average, worked eight

(8) hours a day, forty (40) hours a week

17.      During work trips, however, Martinez worked more than eight (8) hour workdays

resulting in her working more than forty (40) hours in a single week.

18.      During these weeks, Martinez was not paid overtime pay of time and one half.

3

19.   When Martinez began working with Oiring, her salary was $80,000.00 annually.

20.   In or about September 2019, Oiring raised Martinez' salary to $100,000 annually, citing her exceptional work performance as the reason for the raise.

21.   Throughout her employment with Oiring, Martinez was paid in various combinations by Oiring personally, Pleet and Gloria.

## SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT

22.   During the entirety of her employment, Martinez was the subject of Oiring's unwelcomed and pervasive advances.

23.   Shortly after Martinez commenced her employment Oiring, Oiring began to engage in a pattern and practice of severe and pervasive sexual harassment, introducing sexual comments and innuendo's into their conversations and frequently flirting with Martinez.

24.   Oiring made various inappropriate comments including but not limited to:

    a.  Commenting how he "liked" blondes (Martinez's hair was blonde at the time);

    b.  Repeatedly asking Martinez whether she was "fluid," implying that she was sexually attracted to other women;

    c.  Telling Martinez to call him "daddy";

    d.  Asking Martinez to "dance" for him;

    e.  Showing Martinez pictures of escorts he hired and asking Martinez to rate the level of their attractiveness; and

    f.  Showing Martinez and other employees inappropriate pictures of women and videos of women.

    g.  Asking Martinez to cease taking her birth control pills and have his child.

4

25.     Oiring's unwelcomed comments and advances soon escalated from flirting to outright propositioning Martinez to engage in sexual intercourse. On several occasions Oiring offered Martinez $1,000.00 in exchange for sexual intercourse.

26.     On at least two work trips, Oiring propositioned Martinez for sexual intercourse, which Plaintiff refused.

27.     Oiring's conduct escalated even further, progressing to touching Martinez without her consent.

28.     Oiring commenced by giving Martinez long and unwanted hugs, which soon escalated to unwelcomed attempts to kiss Martinez on the lips. Martinez would pull and attempt to avoid his kisses each time.

29.     Oiring, however, did not stop there and on numerous occasions would approach Martinez from behind and started thrusting his body onto hers.

30.     On one occasion, Oiring touched Martinez's chests while the two were in a car together, despite Martinez's protest and instruction to stop.

31.     Each of Oiring's advances were unwanted and unwelcomed by Martinez.

**RETALIATION AND WRONGFUL TERMINATION OF MARTINEZ**

32.     On December 17, 2020, Martinez arrived at Oiring's home, as scheduled for work.

33.     Oiring again, propositioned Martinez to have sexual intercourse, stating it could be their "Christmas thing."

34.     Martinez rejected Oiring's advance, telling him that they were both in "serious situations" with other people.

5

35.    The day after this incident, on December 18, 2020, Martinez was informed that her employment was suspended. No reason or explanation for the suspension was offered.

36.    In an effort to ascertain the reason for this adverse employment action, Martinez attempted to contact Oiring. That is when she learned that Oiring stopped taking Martinez's calls and blocked her number.

37.    No one at Gloria or Pleet could give Martinez an explanation for her suspension.

38.    At some point between December 18, 2020 and December 23, 2020, Martinez and Oiring had a conversation regarding Martinez's employment.

39.    During the conversation Oiring proffered that it was not possible for Martinez to perform her duties because she had moved to New Jersey, making her commute too far and that he was terminating her employment because of her residency in New Jersey.

40.    That proffered reason for Martinez's termination is nothing but a pretext as Martinez had moved to New Jersey around March 2020, eight months prior to her termination.

41.    Despite learning as early as March 2020 that Martinez had moved to New Jersey, it was not until after the December 17, 2020 rejection, that Oiring expressed any concern about Martinez's commute or ability to perform her job.

42.    Following her conversation with Oiring, Martinez returned to work on December 23, 2020.

43.    Plaintiff was terminated on or about December 24, 2020.

44.    The purported reason for the adverse employment actions - the suspension and termination - is that Plaintiff was no longer a New York resident and moved to New Jersey.

45.    At no point during Martinez's interview or a year and a half employment, did Oiring express that remaining a New York resident was a condition of Martinez' employment.

6

3962378 4\210027

46. Upon information and belief, Oiring used Martinez's move to New Jersey as a pretext for terminating her employment. The actual reason for the termination was to punish Martinez and retaliate against her because she rejected his sexual advances.

## COUNT ONE

### SEXUAL HARASSMENT OF GESSICA MARTINEZ
### (As To All Defendants)

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Martinez was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Oiring, Gloria and Pleet and this conduct was based upon and directed at Martinez by reason of her gender.

49. Oiring engaged in a pattern and practice of severe and pervasive sexual harassment of Martinez as is fully set forth above.

50. Throughout her employment, Oiring flirted with Martinez, attempted to kiss and touch Martinez without her consent, and propositioned Martinez for sex even though these advances were unwelcomed, unwanted and rejected each time as well as engaged in other harassing conduct as is more fully set forth above.

51. During her employ, Martinez was forced to work in a sexually discriminatory and hostile environment.

52. Oiring's conduct was pervasive and constituted a "continuing violation" of Martinez's right.

53. Oiring undertook these discriminatory actions in his individual capacity and for personal and unlawful purposes.

7

54.    As a direct and proximate result of the harassing and hostile sexual environment, Martinez suffered great mental anguish, pain, and adverse job consequences, including economic damages.

WHEREFORE, cause having been shown, Plaintiff, Gessica Martinez, demands judgment against Defendants and seeks the following relief:

(a) Compensatory damages for loss of wages and benefits, pain and suffering, and mental anguish;

(b) Punitive damages;

(c) Attorney's fees, interest and costs of suit; and

(d) Such other relief as the Court may deem equitable and just.

## COUNT TWO

### HOSTILE WORK ENVIRONMENT
### (As To All Defendants)

55.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56.    For two years, Oiring, in his personal capacity and as the owner of Gloria's and Pleet harassed, sexually propositioned Martinez and made unwanted advances.

57.    Oiring's sexual advances were unwelcomed and would not have occurred but for Martinez's sex.

58.    The unwelcomed sex discrimination was severe or pervasive enough to create an intimidating, oppressive, hostile, and offensive work environment which interfered with Martinez's emotional and physical well-being.

59.     By and through his creation of a harassing and hostile work environment, demands for sexual favors and retaliation against Martinez for her objects to harassment and retaliation, Oiring violated NJ LAD, NYCHR and NYHRL.

60.     As a direct and proximate result of the harassing and hostile sexual environment, Martinez suffered great mental anguish, pain, and adverse job consequences, including economic damages.

WHEREFORE, cause having been shown, Plaintiff, Gessica Martinez, demands judgment against Defendants and seeks the following relief:

(a) Compensatory damages for loss of wages and benefits, pain and suffering, and mental anguish

(b) Punitive damages;

(c) Attorney's fees, interest and costs of suit; and

(d) Such other relief as the Court may deem equitable and just.

## COUNT THREE

### RETALIATION AND WRONGFUL DISCHARGE
### (As To All Defendants)

61.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62.     On December 18, 2020, after Martinez rejected Oiring's advances a final time, Martinez was suspended without explanation.

63.     Oiring stopped taking Martinez's call and went as far as to block Martinez's number.

64.     Oiring asserted that Martinez's move to New Jersey was the reason that she was unable to perform her job.  That reason is a mere pretext.

9

65.     On December 23, 2020, Martinez returned to work and was terminated immediately thereafter, without notice or warning.

66.     Defendants illegally retaliated against Plaintiff by terminating her employment immediately following Martinez's rejection of Oiring's advances.

67.     As a direct and proximate result of Oiring's willful, knowing and intentional discrimination and retaliation against Martinez, Martinez has suffered and will continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

WHEREFORE, cause having been shown, Plaintiff, Gessica Martinez, demands judgment against Defendants and seeks the following relief:

    (a) Compensatory damages for loss of wages and benefits, pain and suffering, and mental anguish

    (b) Punitive damages;

    (c) Attorney's fees, interest and costs of suit; and

    (d) Such other relief as the Court may deem equitable and just.

### COUNT FOUR

### FLSA OVERTIME VIOLATIONS, 29 U.S.C. §§201 *et seq.*
### (As To All Defendants)

68.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69.     Between October 2018 and December 2020, Martinez worked forty (40) hours per workweek.

70.     Martinez duties included travelling for business including but not limited to Columbia and Buffalo, New York.

10

71. On the weeks that she traveled, Martinez worked more than forty (40) hours per week.

72. At all relevant times throughout the employment of Martinez, Defendant willfully, regularly and repeatedly failed to pay Martinez, one and one-half times the regularly hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failed to keep records required by the FLSA, even though Martinez was entitled to receive overtime payments.

73. Defendants' decision not to pay overtime was willful.

74. Martinez seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE, cause having been shown, Plaintiff, Gessica Martinez, demands judgment against Defendants and seeks the following relief:

(a) Compensatory damages for loss of wages and benefits, pain and suffering, and mental anguish;

(b) Damages for the overtime pay due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages permitted by law pursuant to the FLSA;

(c) Punitive damages;

(d) Attorney's fees, interest and costs of suit; and

(e) Such other relief as the Court may deem equitable and just.

11

## COUNT FIVE

### UNPAID OVERTIME WAGES UNDER NEW YORK LABOR LAW
### (As To All Defendants)

75.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76.     At all times relevant to this action, Martinez was employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

77.     Defendants failed to pay Martinez the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NYLL.

78.     Defendant's failure to pay required overtime as willful.

WHEREFORE, cause having been shown, Plaintiff, Gessica Martinez, demands judgment against Defendants and seeks the following relief:

(a) Compensatory damages for loss of wages and benefits, pain and suffering, and mental anguish;

(b) Damages for the overtime pay due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages permitted by law pursuant to the NYLL;

(c) Attorney's fees, interest and costs of suit; and

(d) Such other relief as the Court may deem equitable and just.

BEATTIE PADOVANO, LLC
Attorneys for Plaintiff,
Gessica Martinez

Dated: April 26, 2021

By: /s/ Kimberley A. Brunner
Kimberley A. Brunner, Esq.

12

3962378_4\210027

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues raised herein.

> **BEATTIE PADOVANO, LLC**
> Attorneys for Plaintiff,
> Gessica Martinez
>
> **By:** */s/ Kimberley A. Brunner*
> Kimberley A. Brunner, Esq.

Dated: April 26, 2021

## DESIGNATION OF TRIAL COUNSEL

Pursuant to *Rule* 4:25-4, Arthur N. Chagaris, Esq., is designated as trial counsel in this matter.

> **BEATTIE PADOVANO, LLC**
> Attorneys for Plaintiff,
> Gessica Martinez
>
> **By:** */s/ Kimberley A. Brunner*
> Kimberley A. Brunner, Esq.

Dated: April 26, 2021

## NOTICE PURSUANT TO R. 1:5-1(a) AND R. 4;18-4(c)

Take notice that, pursuant to *Rule* 1:5-1(a) and *Rule* 4:18-4(c), Plaintiff hereby demands that each party named in the Complaint that serves or receives pleadings of any nature (including discovery requests) to or from any other party to the action, forward copies of same along with any documents provided in answer or response thereto to counsel for Plaintiffs and take notice that this is a continuing demand.

> **BEATTIE PADOVANO, LLC**
> Attorneys for Plaintiff,
> Gessica Martinez
>
> **By:** */s/ Kimberley A. Brunner*
> Kimberley A. Brunner, Esq.

Dated: April 26, 2021

3962378 4\210027

BER-L-002745-21 04/26/2021 3:33:32 PM Pg 14 of 14 Trans ID: LCV20211057089

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies that, upon their initial review of this matter, the matters in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, that no other action or arbitration proceeding is currently contemplated and that they are unaware of any other parties who currently should be joined to this action.

**BEATTIE PADOVANO, LLC**
Attorneys for Plaintiff,
Gessica Martinez

**By:** */s/ Kimberley A. Brunner*
Kimberley A. Brunner, Esq.

Dated: April 26, 2021

14